# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,   )
            )
  v.        )  ID Nos.  1812006782
            )        1812014043
JOSHUA CIRWITHIAN,   )
            )
  Defendant.     )

## ORDER

1. On this 20th day of March, 2024, upon consideration of the Superior Court Commissioner's Report and Recommendation, Defendant Joshua Cirwithian's ("Defendant") Motion for Postconviction Relief made pursuant to Superior Court Rule of Criminal Procedure 61,[1] Postconviction Counsel Kimberly Price's ("Postconviction Counsel") Motion to Withdraw,[2] and the record in this case, it appears to the Court that:

2. On August 1, 2021, Defendant filed the instant Motion for Postconviction Relief.[3] On the same day, Defendant filed a Motion for Appointment of Counsel.[4] On November 1, 2021, the Court granted Defendant's Motion for Appointment of Counsel.[5] Subsequently, the Court appointed Postconviction Counsel to represent Defendant in his Motion for Postconviction Relief. Then, on February 10, 2023,

---

[1] D.I.s 1812006782-58, 1812014043-72.
[2] D.I.s 1812006782-75, 1812014043-88.
[3] D.I.s 1812006782-58, 1812014043-72.
[4] D.I.s 1812006782-59, 1812014043-73.
[5] D.I.s 1812006782-61, 1812014043-75.

Postconviction Counsel filed the instant Motion to Withdraw.[6]  On March 8, 2023, Defendant filed a brief in opposition to Postconviction Counsel's Motion to Withdraw.[7]  On May 2, 2023, Trial Counsel Elliot M. Margules ("Trial Counsel") filed an affidavit in response to the ineffective assistance of counsel allegations that Defendant raises in his Motion for Postconviction Relief.[8]

3.  On June 6, 2023, Defendant filed a brief to supplement his Motion for Postconviction Relief.[9]  On June 12, 2023, the State filed a brief in opposition to Defendant's Motion for Postconviction Relief.[10]  On July 11, 2023, Defendant filed a brief in response to the State's brief.[11]

4.  On October 26, 2023, Defendant filed a second brief to supplement his Motion for Postconviction Relief.[12]  On November 21, 2023, Trial Counsel filed a second affidavit in response to Defendant's ineffective assistance of counsel allegations against him.[13]

5.  On January 30, 2024, Defendant sent a *pro se* letter to this Court, in which he alleges that the State forged the Certificate of Authenticity document (the

---

[6] D.I.s 1812006782-75, 1812014043-88.
[7] D.I.s 1812006782-78, 1812014043-91.
[8] D.I.s 1812006782-78, 1812014043-93.
[9] D.I.s 1812006782-79, 1812014043-94.
[10] D.I.s 1812006782-80, 1812014043-95.
[11] D.I. 1812006782-81.
[12] D.I. 1812014043-103.
[13] D.I. 1812014043-104.

"Certificate") that was presented at trial to authenticate Facebook messages.[14]  The State had offered these messages to corroborate the testimony of the victim.[15]

6.    Defendant's Motion for Postconviction Relief and Postconviction Counsel's Motion to Withdraw were referred to the Commissioner pursuant to 10 *Del. C.* § 512(b) and Rule 62 for proposed findings of fact and conclusions of law. On February 28, 2024, the Commissioner issued a Report and Recommendation, in which he recommended that the Court summarily dismiss Defendant's Motion for Postconviction Relief and grant Postconviction Counsel's Motion to Withdraw.[16]

7.    On February 29, 2024, the Court wrote to the parties, requesting that they file responses to the allegations that Defendant made against the State in his January 30, 2024 *pro se* letter.[17]

8.    On March 5, 2024, the State responded by letter to this Court, in which it denies forging the Certificate that was offered to authenticate the Facebook messages.  The State emphasizes the Commissioner's statement that "the State established a rational basis from which the judge could conclude the evidence was connected to the Defendant."[18]  The State asserts that Defendant has not factually supported his conclusory allegation of forgery.

---

[14] D.I.s 1812006782-91, 1812014043-105.
[15] *Id.*
[16] D.I.s 1812006782-92, 1812014043-106.
[17] D.I. 1812014043-110.
[18] D.I.s 1812006782-92, 1812014043-106.

9. On March 5, 2024, Postconviction Counsel responded by letter to this Court, likewise taking the position that Defendant's *pro se* forgery claim is conclusory and unsupported by the record in this case. Postconviction Counsel also emphasizes that, in the Report and Recommendation, the Commissioner recognized that Trial Counsel did challenge the authenticity of the Facebook account, but found that the Facebook messages were properly authenticated at trial.

10. A party can file and serve written objections to a Commissioner's order "[w]ithin ten days after filing of a Commissioner's proposed findings of fact and recommendations."[19] In this case, neither party filed and served an objection on or before March 12, 2023, ten days after the Commissioner filed his Report and Recommendation.

11. The Court adopts the Commissioner's Report and Recommendation in its entirety for the reasons set forth therein. The Commissioner's findings are not clearly erroneous, contrary to law, or an abuse of discretion.[20] Defendant's *pro se* allegation that the State forged the Certificate does not justify rejecting the Report and Recommendation. The Court finds that Defendant's forgery allegation is conclusory, lacks factual support, and, because it lacks any basis in fact, it does not warrant an independent hearing. Hence, Defendant's Motion for Postconviction

---

[19] Super. Ct. Crim. R. 62(a)(5)(ii).
[20] Super. Ct. Crim. R. 62(a)(5)(iv).

Relief is hereby **DENIED** and Postconviction Counsel's Motion to Withdraw is hereby **GRANTED.**

    **IT IS SO ORDERED.**

/s/ Sheldon K. Rennie
_____
Sheldon K. Rennie, Judge